FILED

2012 DEC -3 PM 3:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Thomas T. Chan (SBN 129606)
   tchan@foxrothschild.com
2  Lena N. Bacani (SBN 213556)
   lbacani@foxrothschild.com
3  Fox Rothschild LLP
4  1055 West Seventh Street, Suite 1880
5  Los Angeles, California 90017
   Telephone: 213-624-6560
6  Facsimile: 310-556-9828
7
8  Attorneys for Defendants
   Botin Jeanswear Trading, Inc.
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. IDOL FASHION, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOTIN JEANSWEAR TRADING, INC., A California corporation; BOTIN JEANSWEAR TRADING, INC. a California corporation, d/b/a Botin Jeans, Does 1-50, inclusive<br><br>Defendants | Case No. CV12-10308-JAK (MRWx)<br><br>Assigned to Hon.<br>Court Room:<br><br>**DEFENDANT BOTIN'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1338**<br><br>[Filed concurrently with Declaration of Lena N. Bacani, Certification of Interested Parties, and Notice of Related Cases] |

NOTICE OF REMOVAL

LA1 261184v1 11/30/12

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Botin Jeanswear Trading, Inc. ("Botin") removes to this Court the state court action described below, based on the Court's removal jurisdiction under 28 U.S.C. § 1441 and original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

## I. PROCEDURAL BACKGROUND

On October 31, 2012, LA Idol filed a Complaint and an Ex Parte Application for an Order to Show Cause and a Temporary Restraining Order against Botin. The Complaint alleged five causes of action: 1) Misappropriation of Ideas; 2) Intentional Interference with Economic Relations; 3) Negligent Interference with Economic Relations; 4) Unfair Competition and Deceptive Trade Under Cal. Bus. & Prof. Code § 17200, *et seq.*; and 5) Common Law Unfair Competition. A copy of the Complaint is attached as **Exhibit A** to the Declaration of Lena N. Bacani ("Bacani Declaration").

Plaintiff alleges in its Complaint that it has "acquired and maintained a copyright" for the "Back Pocket Designs Mexico 2010-2011" and attached LA Idol's copyright application as Ex. 1 to the Complaint. *See id.* at Ex. 1.[1] Plaintiff registered a copyright entitled "Back Pocket Designs Mexico 2010-2011." Attached as **Exhibit B** to Bacani's Declaration is a true and correct copy of LA Idol's Copyright Registration from the United States Copyright Office Public Catalog.

As support for each of its causes of action, Plaintiff asserts that Botin has "copied" or "wrongfully used LA Idol's Copyrighted Designs." *See id.* at ¶¶ 33, 39, 49, 51, 57, 63. Plaintiff also seeks injunctive relief to enjoin Botin from "reproducing, … any pair of denim jeans or similar denim products, related to LA Idol's Copyrighted

---

[1] Plaintiff's copyright registration appears, on its face to be invalid for several reasons: (1) the 2010 creation date listed on LA Idol's copyright application and Copyright Registration contradicts the creation dates listed for numerous of the design photographs attached to the copyright application, which are dated in 2011; (2) the printed materials accompanying LA Idol's copyright application show twenty-two designs and name several "authors" below each pocket photograph, none of which are LA Idol; and (3) LA Idol's copyright application fails to disclose any preexisting material. *See id* at Ex. 1.

Design." *See id.* at B(1). Despite the fact that all of Plaintiff's causes of action are based on Botin's alleged copying of LA Idol's "Copyrighted Designs," Plaintiff fails to assert a cause of action for copyright infringement. *See id.*

In addition to its LA Idol Complaint, LA Idol filed an Ex Parte Application for TRO and OSC (hereafter "Ex Parte Application") on October 31, 2012. *See* Bacani Decl. at **Exh. C**. LA Idol failed to serve Botin with notice of the temporary restraining order hearing set for November 2, 2012 in Department 86. As a result, Botin did not attend the TRO hearing and was unable to defend itself against LA Idol's requested injunctive relief, which was granted by Judge Ann Jones on November 2, 2012. A true and correct copy of the Temporary Restraining Order is attached to the Bacani Declaration as **Exhibit D**.

Botin subsequently filed its Opposition to Plaintiff's Ex Parte Application for a TRO and an Order to Show Cause regarding a Preliminary Injunction. *See id.* at **Exh. E.** Plaintiff filed its Reply. *See id.* at **Exh. F.** The Temporary Restraining Order was subsequently vacated without prejudice by Judge Jones on November 21, 2012 due to LA Idol's failure to provide notice to Botin of the TRO hearing.

This Notice of Removal is timely because it is being filed and served within thirty (30) days from the date Defendant Botin received a copy of Plaintiff's Complaint.

II. **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1338 BECAUSE ALL OF PLAINTIFF'S CLAIMS ARISE OUT OF BOTIN'S ALLEGED ACTS OF COPYRIGHT INFRINGEMENT**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

NOTICE OF REMOVAL

2

pending." 28 U.S.C. § 1441.  Furthermore, if a civil action includes: "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court….the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." *Id.* at (c).

The essence of all of Plaintiff's causes of action is that Botin took and used Plaintiff's "Back Pocket Design Mexico 2010-2011" ("Accused Designs") without compensating Plaintiff.  Yet Plaintiff does not allege copyright infringement, instead pleading "misappropriation of ideas," "interference with economic relations," and "unfair competition" in a transparent attempt to avoid exclusive federal jurisdiction and to impermissibly broaden the narrow scope of protection allowed for its Accused Designs.

Although a complaint may not state a Copyright Act claim on its face, the claim is subject to exclusive federal jurisdiction if its resolution depends on the application of the Copyright Act.  *Just-Med, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010); 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").  "[U]nder the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *Id.*, citing *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Mont.,* 213 F.3d 1108, 1114 (9th Cir. 2000), *Franchise Tax Bd. of Cal. V. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Nimmer,* § 12.01[A][1][d][I] ("[A] plaintiff may not defeat federal court jurisdiction through the simple expedient of artfully pleading around necessary federal questions.").

Here, Plaintiff has based every cause of action on Botin's alleged copying of Plaintiff's designs as follows:

1. As support for its misappropriation claim, Plaintiff asserts that Botin has "<u>copied LA Idol's jean designs</u> that LA Idol has spent substantial amounts of money creating." *See* Complaint at ¶ 33 (emphasis added).

2. As support for its Intentional Interference with Economic Relations claim, Plaintiff asserts that Botin has "<u>wrongfully used LA Idol's Copyrighted Designs</u> to sell inferior quality jeans for less than half the cost of true LA Ido[sic] jeans for the express purpose of interfering with LA Idol's contractual relationships with its Mexican customers and driving LA Idol out of business." *See id.* at ¶ 39 (emphasis added).

3. As support for its Negligent Interference with Economic Relations claim, Plaintiff asserts that Botin's "<u>wanton and willful use of LA Idol's Copyrighted Designs</u>" and "direct targeting of competitors of LA Idol's Mexican customers" breaches Botin's "duty to comply with California and Federal laws." *See id.* at ¶¶ 49, 51 (emphasis added).

4. As support for its Unfair Competition and Deceptive Trade Practices claim under Cal. Bus. & Prof. Code § 17200, *et seq.*, Plaintiff asserts Botin "intentionally targeted competitors of LA Idol's Mexican customers to sell its cheap and poor quality jeans <u>bearing LA Idol's Copyrighted Designs</u>." *See id.* at ¶ 57 (emphasis added).

5. As support for its Common Law Unfair Competition claim, Plaintiff asserts that Botin "<u>[t]hrough duplicating LA Idol's Copyrighted Designs</u>" and "then targeting and selling the inferior jeans for less than half the price," has unfairly competed with LA Idol. *See* Ex. 2 at ¶ 63 (emphasis added).

Because all of Plaintiff's claims for relief depend on a finding that Botin copied, or otherwise infringed, LA Idol's accused designs, they are subject to exclusive federal jurisdiction under 28 U.S.C. §§ 1331 and 1338.

NOTICE OF REMOVAL

4

### A. Misappropriation of Ideas

In effect, Plaintiff is attempting to do an "end run" around the restrictions of the Copyright Act by pleading common law and state causes of action. However, there can be no cause of action at common law for misappropriation of ideas where the "idea" is a design protectable by copyright, as recognizing such a claim would undermine the objective of Congress to afford exclusive federal jurisdiction as to what is, and is not, protectable by copyright. *See American Economy Ins. Co. v. Reboans, Inc.* 852 F.Supp. 875, 881 (N.D. Cal. 1994). Moreover, there is no protection for ideas, only the expression of ideas as recognized by copyright, patent and trademark. *See Desny v. Wilder,* 46 Cal.2d 715, 732, 299 P.2d 257, 110 U.S.P.Q. 433 (1956) ("it is clear that California does not now accord individual property type protection to abstract ideas.").

Furthermore, as a general rule, clothing, as a "useful article," is not copyrightable. *See* 17 U.S.C. § 101; *In Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 13 U.S.P.Q.2d 1296 (2nd Cir. 1989) ("Copyright Office considers costumes to be clothing, which are 'useful articles' and by statute not copyrightable.").

Therefore, even if Plaintiff has a valid copyright in its Accused Designs, which Botin disputes, it is unlikely that Plaintiff's copyright registration extends to cover Botin's jeans. As a general rule "[e]ven where drawings or photographs of garments are protected by copyright, the garments themselves have long been considered 'useful articles' by the U.S. federal courts" and "[b]ecause the Copyright Act excludes 'useful articles' from federally copyrightable subject matter, 17 U.S.C. § 101, clothing – 'useful' insofar as it covers the body for reasons of warmth or social norms – generally receives no protection under copyright law." Charles Coleman, NAVIGATING FASHION LAW, 2012 WL 167352 at *3 (Jan. 2012), *citing* 17 U.S.C. § 101, *Chosun Int'l v. Chrisha Creations, Ltd.,* 413 F.3d 324, 328 (2d Cir. 2005).

### B. Intentional Interference with Economic Relations

Similarly, to prevail on its claim of intentional interference with economic relations, Plaintiff has the burden of proving that Botin intentionally and wrongfully interfered with its prospective contractual relationship with customers. To qualify as wrongful, the interfering conduct must be independently actionable, (i.e, wrongful apart from the fact of the interference itself). *See PMC, Inc. v. Saban Entertainment, Inc.,* 45 Cal.App.4th 579 (1996); *Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners,* 52 Cal.App.4th 867, 881, 60 Cal.Rptr.2d 830 (1997) ("Since the crux of the competition privilege is that one can interfere with a competitor's prospective contractual relationship with a third party as long as the interfering conduct is not independently wrongful (i.e., wrongful apart from the fact of the interference itself), *Della Penna*'s requirement that a plaintiff plead and prove such wrongful conduct in order to recover for intentional interference with prospective economic advantage has resulted in a shift of burden of proof. It is now the plaintiff's burden to prove, as an element of the cause of action itself, that the defendants' conduct was independently wrongful and, therefore, was not privileged rather than the defendants' burden to prove, as an affirmative defense, that it's [*sic*] conduct was not independently wrongful and therefore was privileged.").

Plaintiff alleges that "Defendant[s] <u>wrongfully used LA Idol's Accused Designs</u>…for the express purpose of interfering with LA Idol's contractual relationships with its Mexican customers and driving LA Idol out of business." Complaint at ¶¶ 39, 42. As discussed above, this Court has original jurisdiction over whether Plaintiff's Accused Designs are protectable and whether Botin's products infringe those designs. Because Plaintiff's IIER claim depends on finding, as an underlying harm, that Plaintiff's Accused Designs are protectable under Copyright Law and were infringed by Botin, this Court has subject matter jurisdiction over the

NOTICE OF REMOVAL

6

issues governed under the Copyright Act and supplemental jurisdiction over whether Botin intentionally interfered with Plaintiff's economic relations by selling its jeans.

### C. Negligent Interference with Economic Relations

Because Plaintiff's NIER claim relies on the same underlying conduct – Botin's alleged copying of Plaintiff's Accused Designs[2] – this Court has subject matter jurisdiction over whether Plaintiff's designs are protectable under the Copyright Act and whether Botin has infringed Plaintiff's copyright by selling its jeans.

### D. Unfair Competition and Deceptive Trade Practices (Cal. Bus. Prof. Code § 17200) and Common Law Unfair Competition

Plaintiff alleges that Defendant has "intentionally duplicated LA Idol's merchandise otherwise protected under California law" and "intentionally targeted competitors of LA Idol's Mexican customers to sell its cheap and poor quality jeans bearing LA Idol's Copyrighted Designs…" Complaint at ¶¶ 56, 57 (emphasis added).

Under California Business and Professions Code Section 17200 (the "Unfair Competition Law"), allegations that conduct is unlawful must be predicated upon a defendant's purported violation of a state, federal or local law. *See Stevens v. Superior Court,* 75 Cal. App.4th 594, 603-604 (1999). As discussed above, Plaintiff's alleges as the underlying unlawful conduct that Botin "intentionally duplicated LA Idol's merchandise." Because Plaintiff's unlawful competition claims depend on finding, as an underlying harm, that Plaintiff's Accused Designs are protectable under Copyright Law and were infringed by Botin, this Court has subject matter jurisdiction over the issues governed under the Copyright Act and supplemental jurisdiction over whether

---

[2] In support of its Negligent Interference with Economic Relations claim, Plaintiff merely concludes that if the Court does not believe Botin's conduct satisfies the Intentional Interference of Economic Relations claim, it must find Negligent Interference. Complaint at ¶¶ 48 ("To the extent that said actions were not intentional in the 2nd Cause of Action for Intentional Interference with Economic Relations, Defendants'[sic] conduct was at the very least negligent.").

NOTICE OF REMOVAL

7

Botin's sales of its jeans violate California's statutory or common law Unlawful Competition laws.

Because all of Plaintiff's claims for relief depend on a finding that Botin copied, or otherwise infringed, LA Idol's accused designs, they arise under the Copyright Act and are subject to this Court's original subject matter jurisdiction under 28 U.S.C. §§1331 and 1338.

### III. VENUE

This action is currently pending in the Superior Court of California for the County of Los Angeles County and, therefore, venue in this Court is proper under 28 U.S.C. § 84(c) and 28 U.S.C. § 1391(a), (b) and (d).

### IV. NOTIFICATIONS

As required by 28 U.S.C. § 1446(d), Botin will provide prompt written notice to Plaintiff, by counsel, of removal of this action to federal court and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**WHEREFORE,** Defendant Botin hereby removes this action from the state court to the United States District Court for the Central District of California.

Dated:  November 30, 2012                    FOX ROTHSCHILD

                                             */s/ Lena Bacani*
                                             Thomas T. Chan (SBN 129606)
                                             Lena N. Bacani (SBN 213556)
                                             Attorneys for Defendant Botin Jeanswear Trading, Inc

# PROOF OF SERVICE

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 1055 West Seventh Street, Suite 1880, Los Angeles, California 90017.

On November 30, 2012, I served the following document described as:

1. **DEFENDANT BOTIN'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1338; AND**

2. **DECLARATION OF LENA N. BACANI IN SUPPORT OF BOTIN'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1338**

[ ] **VIA FEDEX:** I caused such document to be delivered by hand to the addressee(s) at the address set forth below by FEDERAL EXPRESS.

[ ] **VIA PERSONAL SERVICE** as follows: I caused such document to be delivered by hand to the addressee(s) at the address set forth below by FIRST LEGAL MESSENGER SERVICE.

[X] **VIA MAIL:** I am readily familiar with the Firm's practice of collecting and processing correspondence for mail. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

| | |
|---|---|
| Christopher L. Diener<br>18881 Von Karman Ave., 16th Floor<br>Irvine, CA  92612<br>Tel: (949) 291-9604<br>Fax: (949) 660-0342 | Counsel for Defendant – L.A. Idol Fashion, Inc. |

I declare, under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 30, 2012, under the laws of the United States of America, at Los Angeles, California.

                                          /Cindy Liu/

                                          Cindy Liu